UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT GRIER, Individually and on behalf of as Surviving Spouse and Next of Kin of LILLIE GRIER, deceased, and on behalf of the wrongful death beneficiaries of LILLIE GRIER,<br><br>Plaintiff,<br><br>v.<br><br>PALMYRA TN OPCO, LLC, d/b/a CLORIA OAKS POST ACUTE AND REHABILITATION CENTER; PALMYRA TN HOLDCO, LLC; EVERVIEW GROUP LLC; PLAINVIEW HEALTH CARE PARTNERS LLC d/b/a PLAINVIEW HEALTH CARE PARTNERS; ISAAC MOSKOWITZ, Individually, as an Officer and Owner of CLORIA OAKS POST ACUTE AND REHABILITATION CENTER and PLAINVIEW HEALTH CARE PARTNERS; and FOREVIEW VENTURES, LLC,<br><br>Defendants. | Case No. 3:23-CV-00796<br>Judge Trauger<br>JURY DEMAND |

**JOINT PROPOSED INITIAL CASE MANAGEMENT ORDER**

    Come now the parties, through counsel, and submit the joint proposed initial case management order:

    A. JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

    B. BRIEF THEORIES OF THE PARTIES:

1

1) PLAINTIFF: Lillie Grier, an adult with dementia and cognitive issues, was a resident of Cloria Oaks Post Acute and Rehabilitation Center. In August of 2022, she was raped by another male resident in the facility, after the Defendants failed to properly monitor, supervise and prevent the rape. The male resident that had raped Lillie Grier has previously sexually assaulted another resident at Cloria Oaks, yet Defendants allowed him to return to the facility and failed to prevent the rape of Lillie Grier. Robert Grier, on behalf of Lillie Grier, has therefore brought claims against the Defendants under the the Tennessee Health Care Liability Act ("HCLA") under § 29-26-115. He has also brought claims against the Defendants of gross negligence, willful, wanton, reckless, malicious and/or intentional conduct, and negligent infliction of emotional distress and has requested compensatory and punitive damages.

2) DEFENDANTS: The Defendants deny that there was negligent failure to monitor or that the actions of any of their caregivers deviated from the applicable standard of care in this case. Defendants maintain reasonable safeguards are in place to protect residents within their facility but 24/7-hour monitoring is not feasible nor is it required by the standard of care. Without further discovery at this time, Defendants further preserve the right to dispute whether rape occurred at the facility versus a consensual act. There is a question as to whether Lillie Grier would have had the capacity to consent.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before December 14, 2023.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before June 1, 2024. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before February 1, 2024.

H. DISCLOSURE OF EXPERTS: The Plaintiffs shall identify and disclose all expert witnesses and expert reports on or before August 1, 2024. The Defendants shall identify and disclose all expert witnesses and reports on or before October 1, 2024.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before December 1, 2024.

J. JOINT MEDIATION REPORT: The parties will discuss the prospect of engaging in a formal mediation toward the end of fact discovery or earlier, if agreed to. Following this discussion, the parties will file a Joint Mediation Report that informs the court whether they will be mediating and, if so, the name of the mediator and the date scheduled for the mediation. The Joint Mediation Report will be filed by July 31, 2024.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before February 1, 2025. Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

L. ELECTRONIC DISCOVERY. The parties agree to conduct electronic discovery per the terms of the default standard contained in Administrative Order No. 174. Should the parties disagree on ESI, they will attempt to resolve before contacting the court.

M. ESTIMATED TRIAL TIME. The parties expect the trial to last approximately seven (7) days.

It is so **ORDERED**.

                                                     **ALETA A. TRAUGER**
                                                   U.S. DISTRICT JUDGE

**APPROVED FOR ENTRY:**

**/s/ Lindsay A. Cordes**
**LINDSAY A. CORDES (BPR #40780)**
**MORGAN & MORGAN NASHVILLE, PLLC**
810 Broadway, Ste. 105
Nashville, TN 37203
(615) 780-6307
lcordes@forthepeople.com
*Counsel for Plaintiff*


**/s/ Jason H. Long (with permission by LAC)**
**JASON H. LONG (BPR #18088)**
**LEWIS THOMASON**
620 Market Street, Fifth Floor
P.O. Box 2425
Knoxville, TN 37901-2425
(865) 546-4646
JLong@lewisthomason.com
*Counsel for Defendants*

_____